## THE STATE *vs.* ETHRIDGE M. FISH.

1. An indictment for arson, charging the defendant with burning the property of another, is not sustained if it appears by the evidence that the *accused* was in possession of the property under a contract to purchase.

2. This rule applies to the burning of dwelling-houses and to any other building not parcel of a dwelling.

The indictment in this case contained two counts—one for burning a dwelling-house, and the other for burning a barn, not parcel of a dwelling-house.

The case was tried at the Passaic County Oyer and Terminer, at September Term, 1858.

The jury acquitted the defendant on the first count, and found him guilty on the second. On motion of the defendant's counsel, the court granted a rule to show cause why the verdict should not be set aside, and ordered the case to be certified to the Supreme Court for an advisory opinion, " whether, upon the evidence of the property, possession, and occupancy of the barn, which the jury found was burned by the defendant, he could lawfully be convicted and sentenced under the second count in the indictment."

Argued at November Term, 1858, before the CHIEF JUSTICE, and Justices OGDEN, VREDENBURGH and WHELPLEY.

*Barkalow,* for the defendant.

*Woodruff,* for the state.

The CHIEF JUSTICE. The first count of the indictment charges the defendant: with burning :the *"house"* of John Dunn. The second count charges him with burning the barn of John Dunn, not parcel of a dwelling-house. The crime was charged to have been committed on the 6th of April, 1858. On the trial, it appeared that the fee of the pre-

mises was in John Dunn, but that Fish, the defendant, was in possession under a contract for purchase with Dunn, made on the 16th of July, 1856. Fish had made two payments on account of the purchase, and had been put into possession, pursuant to the terms of the contract, before the commission of the offence. After he was put into possession, he failed further to comply with his contract, and received no deed for the premises.

The defendant was convicted upon the second count of the indictment, which charges him with burning the barn of John Dunn, not parcel of the dwelling-house. The title to the barn was in Dunn. The exclusive possession was in the defendant, under a contract for purchase. Was the barn the building "of another," within the meaning of the statute?

Arson at common law consists in willfully and maliciously burning the house "of another." 1 *Hawk.* 165, *cap.* 39; *Hale* 566; 4 *Bla. Com.* 220; 2 *Russell on Cr.* 486

If a landlord or reversioner sets fire to his own house, of which another is in possession under lease, &c., it is arson, for during the lease the house is the property of the tenant. *Harris' case, Foster* 113; 4 *Bla. Com.* 222; *Roscoe's Cr. Ev.* 199.

So if it be in the possession of a copyholder. *Spalding's case*, 1 *East's P. C.* 1025; 1 *Leach's Crown Law* 218.

The principle of the rule is, that it was for the protection of the person in the actual and immediate possession of the house. The offence is against the possession of another. *Breeme's case*, 1 *Leach* 220; 2 *East's P. C.* 1026; *Pedley's case*, 1 *Leach* 235; 1 *Hale's P. C.* 567, *note;* 3 *Chitty's Cr. L.* 1106. And the court will not inquire into the tenure or interest which such person has in the house burnt. It is enough that it was his actual dwelling at the time. 2 *J. R.* 104; 12 *Verm.* 93.

The 30th section of the act for the punishment of crimes, (*Nix. Dig.* 164,) is simply declaratory of the common law crime of arson. It enacts that if any person shall willfully

and maliciously burn the dwelling-house of another, or any out-house that is parcel thereof, he shall be adjudged guilty of arson. It is conceded that the offence described in this section is, as in cases of arson at common law, an offence against *the possession,* and that the dwelling-house of another, means a dwelling in the possession of another; and that if a tenant in possession burn the dwelling of his landlord, or if the tenant in fee burn his own dwelling to defraud a mortgagee or an insurer, he is not guilty of arson under the statute. So the court properly instructed the jury, and in accordance with that instruction, the defendant was acquitted on the first count of the indictment.

The 31st section of the act under which the defendant is convicted enacts that if any person shall willfully and maliciously burn the barn or other building "of another," not parcel of the dwelling-house, he shall be guilty of a misdemeanor. It is suggested that the offence designated in this section is not against the possession, as in the preceding section, but against the property of another, and hence title, and not possession, is drawn in question. The 30th and 31st sections of the act are not only *in pari materia,* but they are substantially parts of one and the same enactment. They both prohibit the willful and malicious burning of the buildings "of another." The one relates to the dwelling-house, and other buildings parcel thereof, the other relates to buildings other than the dwelling-house, and not parcel thereof. This is the substantial difference in the two enactments, and they have been separated for the purpose of distinguishing the degree of punishment. It would be a violation of the clearest rules of construction, under such circumstances, to make the phrase "of another," in one section, to refer to property, and in the other, to possession. The 32d section, which prohibits setting fire to buildings with intent to burn them, includes all the buildings mentioned in both of the preceding sections. In this section, the phrase "of an-

other" must, of necessity, have the same construction as applied to both descriptions of property. As the phrase in the 30th section, in relation to the dwelling-house, is admitted to refer to possession, it must receive the same construction in the 31st section in relation to the out-houses.

If the phrase could, by any rule of construction, be supposed to refer not to possession, but to *title*, what estate must the party have? Must it be an estate in fee for life or years? Must it be vested or contingent? Must it be a legal or an equitable estate? If the tenant in possession, having paid the entire purchase money upon a contract for purchase, should burn the building before the delivery of the deed, and while the legal title is in the vendor, is he within the penalty of the statute? It would seem that he must be so if the phrase " of another" refers not to possession, but to *title*. And is the court of criminal jurisdiction upon the trial of an indictment to try and decide the question of title?

It is further urged that the offence charged, viz., burning a dwelling-house by the occupant, the title to which is in a third party, is an offence at common law, and that the conviction may be sustained on that ground.

There are certainly authorities which sustain the position, that the burning of a building by the party in possession, in which another had a legal and beneficial interest as landlord or mortgagee, or which necessarily greatly endangered the property of others, is a misdemeanor at common law. *Holmes' case, Cro. Car.* 376; 2 *East's P. C.* 1023–1027; *Scofield's case,* 2 *East's P. C.* 1028; *Wharton's Cr. Law,* § 1665.

But admitting this to be an indictable offence, the indictment is not adapted to that aspect of the case, and is not sustained by the evidence.

OGDEN, J. The first count of the indictment charges the defendant with willfuly and maliciously setting fire, in

the night time, to a dwelling-house of John Dunn, in the county of Passaic, and burning the same.

The second count charges him with willfully and maliciously setting fire to, in the night time, and burning a barn of John Dunn, not parcel of the dwelling-house mentioned in the first count. And a third count charges him with willfully and maliciously aiding, counseling, and procuring the burning of said house.

After an elaborate trial, which occupied a week, the jury found the defendant guilty on the second count, and not guilty on the first and third counts. It appeared in evidence that Fish was in possession of the house and the barn, at the time they were consumed, under an agreement with Dunn to purchase them, and the farm on which they stood, although the title was in Dunn; and one Mr. Young held a mortgage upon the farm, executed by Dunn, of which Fish was informed. It also appeared that Fish, without notice either to the mortgagor or to the mortgagee, had effected insurances upon the buildings in his own name; and that, shortly after the fire, he had received his insurance money from one insurance company in New York, without notifying them of the true state of the property.

The question presented to this court is whether, as Fish was in the occupancy of the buildings when they were burned, he can lawfully be sentenced upon the conviction of burning the barn of another.

Inasmuch as none of the essential elements of arson at common law enter into the burning of a barn, not parcel of a dwelling-house, I ruled, at the court below, that a tenant might be convicted of willfully and maliciously setting fire to and burning a barn in his possession, upon an indictment alleging it to be the property of his landlord. It was argued there, and the argument has been repeated in this court, that the conviction cannot be supported, unless a construction is given to the words "*of another*," as used in the 31st section, different from that

given to them as used in the 30th section, and that there is no reason why the same words should convey different ideas when used in different parts of the same statute, looking to the same kind of offence.

The argument is held by my brethren to have been well made, and upon a more full consideration of the case I cheerfully concur in their views, that the verdict should be set aside on that ground, and a new trial be granted.

In thus disposing of the verdict, I am not to be understood as admitting that the facts found by the jury against the defendant are unpunishable under the existing laws of this state. Through his deliberate and wicked acts, as established by the verdict, an insurance company was defrauded out of over $1000 in cash, and it cannot be that the common law is impotent for the punishment of such a fraud, if charged upon the offender in an indictment properly framed. Should a doubt exist upon this point, the action of the legislature should at once be invoked for supplying the defect in our criminal law.*

Justices VREDENBURGH and WHELPLEY concurred.